IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC TODD BOYER** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **GEORGE W. HILL CORRECTIONAL FACILITY**, et al. | : | **NO. 15-1091** |

FILED
APR 13 2015
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

**MEMORANDUM**

**JONES, J.**                                                                                                                                                  **APRIL 10, 2015**

Plaintiff Eric Todd Boyer, a prisoner at the State Correctional Institution at Dallas, brings this action against the George W. Hill Correctional Facility, Superintendent John A. Reilly, Assistant Superintendent Bruce Thomas, Assistant Superintendent Donna Mellon, and Office Manager Nicole Miller. Plaintiff seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint.

### I.   FACTS

Plaintiff's claims are based on the conditions of confinement in which he was held at the George W. Hill Correctional Facility, where he was previously incarcerated from April 29, 2013, through September 29, 2013 to serve a criminal sentence. *See Commonwealth v. Boyer*, Docket No. CP-23-CR-0005965-2012 (Ct. of Common Pleas of Delaware Cnty.). Plaintiff alleges that, during his incarceration, he was "housed in a two (2) man cell with two (2) other individuals" in violation of his constitutional rights. He tried to speak with prison officials on numerous occasions about the issue, "to no avail."

On July 2, 2013, plaintiff returned to the George W. Hill Correctional Facility after having been out on work release.[1] Upon return, he was confronted by a Sergeant because another inmate had reported that plaintiff had illegal narcotics on the premises. Plaintiff was strip searched and his locker and belongings were searched, but neither search yielded narcotics. Plaintiff was also sent to the physician "to check for signs of narcotic use, IE: needle marks" but none were found. Correctional officers searched "the inmate next to" plaintiff and found narcotics hidden in clothing that did not belong to plaintiff. The Officers allegedly found paperwork with plaintiff's name on it and believed, based on that finding, that the narcotics belonged to plaintiff.

Plaintiff was sent to the restrictive housing unit (R.H.U.) for a period of 120 days. Additionally, it appears that plaintiff was charged with drug-related crimes following the incident. *See Commonwealth v. Boyer*, Docket No. CP-23-CR-0004515-2013 (Ct. Common Pleas Delaware Cnty.). The public docket for that criminal proceeding reflects that plaintiff was represented by a private attorney by the name of Joseph Valvo, and that he pled guilty to possession of a controlled substance. Plaintiff alleges that, while he was incarcerated in the R.H.U, he was denied access to the law library and notes that the United States constitution "guarantees the accused a measure of due process in criminal prosecution."

Based on those allegations, plaintiff initiated this lawsuit, raising constitutional claims pursuant to 42 U.S.C. § 1983 and related state claims. Specifically, plaintiff alleges that he was denied access to the courts and that his Equal Protection rights were violated. Plaintiff also

---

[1] The complaint alleges that this incident occurred on July 2, 2014, however, the grievance attached to the complaint indicates that the incident occurred in 2013. The publicly available docket of a related criminal proceeding initiated against plaintiff also indicates that the incident occurred in 2013. *See Commonwealth v. Boyer*, Docket No. CP-23-CR-0004515-2013 (Ct. Common Pleas Delaware Cnty.).

2

asserts claims under the Pennsylvania Tort Claims Act. He seeks compensatory and punitive damages.

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because he has satisfied the criteria set forth in 28 U.S.C. § 1915 and it appears he is incapable of paying the filing fee and administrative fee. However, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that offers only labels and conclusions, or that rests on naked assertions devoid of further factual enhancement does not suffice. *Id.* (internal quotations omitted). In determining whether a complaint states a claim, the Court may also consider exhibits attached to the complaint and matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Claims Against George W. Hill Correctional Facility

Plaintiff has named the George W. Hill Correctional Facility as a defendant in this lawsuit. However, "'[t]he George W. Hill Correctional Facility is not a legal entity susceptible

3

to suit.'" *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010) (quoting *Ignudo v. McPhearson*, Civ. A. No. 03-5459, 2004 WL 1320896, at *2 (E.D. Pa. June 10, 2004); *see also White v. Green*, Civ. A. No. 09-1219, 2009 WL 3209647, at *2 (E.D. Pa. Oct. 6, 2009) ("This Court has held that the George W. Hill Correctional Facility, is not a legal entity that is amenable to suit under § 1983.") (quotations omitted). Accordingly, the Court will dismiss plaintiff's claims against the George W. Hill Correctional Facility with prejudice, because amendment of those claims would be futile.

### B. Personal Involvement

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. In other words, prison wardens or other supervisors are not liable for constitutional violations based solely on the conduct of their subordinates. Here, plaintiff's claims against defendants Reilly, Thomas, Mellon, and Miller are deficient because the complaint does not explain how those defendants were personally involved in any of the alleged violations of his rights. Accordingly, the complaint does not provide a plausible basis for a claim against those defendants. In any event, plaintiff's claims fail substantively as discussed below.

### C. Claims Based on Triple-Celling

Plaintiff's claims based on the fact that he was held in a two-man cell with two other men (or "triple-celled") are governed by the Eighth Amendment. To establish an Eighth Amendment violation based on the conditions of confinement, a prisoner must establish that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v.*

*Chapman*, 452 U.S. 337, 347 (1981). He must also establish that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

Housing multiple inmates in a cell does not alone establish a constitutional violation. *See Hubbard v. Taylor*, 538 F.3d 229, 236 & n.6 (3d Cir. 2008) (detainees did not have a right "to be free from triple-celling or from sleeping on a mattress placed on the floor."); *North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (per curiam) ("Double or triple-bunking of cells, alone, is not per se unconstitutional."). Instead, in assessing whether a prisoner's conditions of confinement violate the constitution, a court should consider the totality of the circumstances. *See Nami v. Fauver*, 82 F.3d 63, 67 (3d Cir. 1996); *Union Cnty Jail Inmates v. DiBuono*, 713 F.2d 984, 1000-01 (3d Cir. 1983).

Here, plaintiff appears to be raising a constitutional claim based solely on the fact that he was incarcerated in a cell with two other men. However, nothing in his complaint suggests that plaintiff was deprived of any basic human needs as a result of being confined in this manner. *See Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."); *Lindsey v. Shaffer*, 411 F. App'x 466, 468 (3d Cir. 2011) (per curiam) ("The critical issue for Eighth Amendment purposes is not the number of prisoners who share facilities; rather, it is whether the alleged overcrowding has somehow harmed the prisoner."). Accordingly, plaintiff has not stated a claim based on the fact that he was confined in a three-man cell.

### D. Claims Based on Denial of Access to the Courts

A prisoner claiming that he was denied access to the courts must show that the denial of access caused him actual injury. *Lewis v. Casey*, 518 U.S. 343, 348 (1996). Furthermore, the

5

right to access the courts may be satisfied if plaintiff has an attorney. *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (per curiam) (citing *Bounds v. Smith*, 430 U.S. 817, 831 (1977) and *Peterkin v. Jeffes*, 855 F.2d 1021, 1042 (3d Cir. 1988)); *see also Prater v. City of Phila.*, 542 F. App'x 135, 137 n.4 (3d Cir. 2013) (per curiam).

Here, public dockets reflect that plaintiff was represented by counsel in the criminal proceeding brought against him following the July 2013 incident. Furthermore, to the extent he sought to challenge his confinement in the R.H.U., he was capable of filing this lawsuit. Accordingly, it does not appear as though plaintiff's inability to access the law library for a period of time caused him any injury and, therefore, denied him access to the courts.

### E. Claims Based on Searches and Incarceration in the R.H.U.

Plaintiff also raises claims based on the search of his person and belongings, as well as his incarceration in the R.H.U. As prisoners do not have a right to privacy in their cells or belongings while incarcerated, plaintiff cannot state a claim based on the search of his personal effects. *See Doe v. Delie*, 257 F.3d 309, 316 (3d Cir. 2001) ("[T]he Fourth Amendment right to privacy, to be free from unreasonable searches, is fundamentally inconsistent with incarceration."). Although an unreasonable search of an inmate's body may be unconstitutional, the complaint does not explain why the strip search in this case was unreasonable (especially when the correctional officer had been told by another inmate that plaintiff had illegal narcotics on the premises) or how any of the defendants were personally involved in the search. *See Bell v. Wolfish*, 441 U.S. 520, 558-60 (1979).

Nothing in the complaint establishes that plaintiff's confinement in the R.H.U. for 120 days subjected him to an atypical and significant hardship in relation to the ordinary incidents of prison life, so as to provide a plausible basis for a due process claim. *See Sandin v. Conner*, 515

U.S. 472, 484 (1995); *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997). To the extent plaintiff believes that he was falsely accused, he still has not stated a basis for a due process claim *See Iwanicki v. Pa. Dep't of Corr.*, 582 F. App'x 75, 80 (3d Cir. 2014) (per curiam) ("We have held that an allegedly fraudulent misconduct report and the related sanction of disciplinary confinement for seven months did not violate a protected liberty interest where there was no evidence that the proceedings were instituted solely in retaliation for the exercise of a constitutional right." (citing *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002)). In any event, it is difficult to see how plaintiff could prevail on such a theory in light of the fact that he pled guilty to possession of a controlled substance.

### F. Equal Protection Claim

It appears from the complaint that plaintiff is attempting to raise a claim under the Equal Protection Clause based on a "class of one" theory. To state a claim under the Equal Protection Clause on a "class of one" theory a plaintiff must allege "that [he] has been treated differently from others who are similarly situated" and that there was "no rational basis for such treatment." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 244 (3d Cir. 2008). Although plaintiff invokes the Equal Protection Clause, nothing in his complaint suggests that he was treated differently from others who were similarly situated. Accordingly, he has not stated an equal protection claim.

### G. State Law Claims

As the Court has dismissed all of plaintiff's federal claims, the only independent basis for jurisdiction over plaintiff's state law claims is 28 U.S.C. § 1332(a).[2] That provision grants district courts jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

---

[2] The Court will not exercise supplemental jurisdiction, having dismissed all of plaintiff's federal claims.

7

The Court cannot exercise diversity jurisdiction over this case because the complaint fails to establish that the parties are diverse. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (an individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain); *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010) (a prisoner is presumed to be a citizen of the state where he was domiciled prior to his imprisonment).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's federal claims for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and his state law claims for lack of jurisdiction. Plaintiff's claims against the George W. Hill Correctional Facility are dismissed with prejudice and his remaining claims are dismissed without prejudice to amendment within thirty days. An appropriate order follows.